White, J.
In relation to assignments for the benefit of creditors, and transfers and assignments of property with intent to defraud ■creditors, the common law and the statute of frauds have been modified in this state by the act regulating the mode of administering assignments in trust for the benefit of creditors. S. & C. Stat. 709.
Under this act, assignments in trust may be divided into three classes:
1. Such as profess to be for the equal benefit of all the creditors, and where the terms of the assignment are such as to effect this object.
2. Such as are made in contemplation of insolvency, with intent to prefer one or more creditors.
3. All transfers and conveyances made with intent to defraud creditors, though no trust for the benefit of creditors may be designed or declared in making the transfer or conveyance.
Those of the first class harmonize with the provisions of the statute, are in accordance with the equitable policy upon which it is founded, and, if carried out in good faith, will necessarily effect a pro rata distribution of the assets among all the creditors.
*In the second class, section 14 of the act defeats the preference sought to be created, and gives to the assignment the same legal operation as if its terms had been made in conformity with the first class.
In cases falling within the third class, section 17, without respect to the intention of the parties, fastens a trust upon the property, and provides that the transfer or conveyance shall inure not to the fraudulent grantee or assignee, but to the equal benefit of all creditors, in proportion to their respective claims. After the fraudulent character of the conveyance or transfer has been declared in a proper proceeding, the probate judge, on application of any creditor, is authorized to appoint an assignee. Such assignee is clothed with authority, by the statute, to represent the creditors, and is required 'to recover the property and administer it, as in other cases of assignments to trustees for the benefit of creditors.
The fraudulent grantee, standing on the fraudulent sale or conveyance alone, can derive no right under section 17 as against the ■creditors. That section is designed for their benefit, and as to them he stands in an atLtude of hostility. His title, being founded in fraud, can not be set up against those it was designed to injure.
All assignments in trust for the benefit of creditors, whether *399 created by the voluntary act of the parties or by the statute operating upon their acts, are alike to be administered for the benefit of all the creditors.
The assignment in the present case belongs to the first class. It purports to convey and assign all the property of the assignor (except such as he may lawfully hold exempt from execution), to be held and disposed of by the trustee in the manner prescribed by the statutes regulating assignments for the benefit of creditors. It was accepted by the plaintiff, and, as he was bound to do by the •statute, he appeared and filed the same in the probate court, and gave, to the approval of the court, the security required by law for the faithful performance of his duties. If he had failed to do this within ten days after his acceptance of the trust, on application of the assignor, or any creditor, it would have been the duty of *the court to have removed him, and to have appointed another in his stead. The appointee of the court would have been required to take possession of all the property and administer the .same according to the statute.
By the acceptance of the trust by the plaintiff, the filing of the - assignment, and the giving of the required security, the probate court acquired jurisdiction over the trust and over the conduct of the plaintiff as assignee; and it became the duty of that court to see that the trust was faithfully administered for the benefit of all the creditors, in proportion to the amounts of their respective claims.
The assignment, if faithfully administered, could not work a fraud on any of the creditors. If fraud against them exists, it must arise from the withholding of assets by the assignor, or the misapplication of them by the assignee. This would be a fraud on the assignment, rather than in it.
Eor maladministration, the assignee is subject -to removal, and if he colludes with the assignor against the creditors, he certainly should be removed. He is also liable upon his undertaking for dereliction of duty.
The assignment itself being proper, and such as the statute contemplates, and having been put in due course of administration for the benefit of all the creditors, in accordance with the statute, the motives that may have been entertained by the parties to it, at the time it was made, should not invalidate it; and upon the trial .of the issue in this case, an inquiry into their character was immaterial. If the motives were fraudulent, the acts were lawful *400 and proper; and were such as constituted the plaintiff the statutory trustee of the creditors, whose bona fides is not questioned) and who are the only beneficiaries in the trust.
But it is said that the assignor retained the possession of the-property in controversy, and that this was done with the connivance of the assignee. This, it is claimed, withdrew it from the-operation of the assignment.
The assignment does not rest alone upon the acts of the parties-It is aided by the statute, which defines the duties of the assignee,, the rights of creditors, and makes provision for subjecting the-property to the purposes of the trust.
*The fraudulent withholding of the property in controversy by the assignor did not impair the right of the general creditors to have it applied in execution of the trust, or of the assignee.to recover it from the defendants as execution creditors. They stand in the same position as the execution debtor. If he could not hold the property, neither can they. The consent of the assignee to the fraud would not alter the case. In attempting-to recover the property he was in the performance of a legal duty, and neither the assignor nor the defendants who stood in his shoes, could set up the prior delinquency to defeat the recovery. If the plaintiff had been removed for the alleged misconduct, his successor could have recoerved the property; and, while he remains charged with the execution of the trust, we perceive no reason why his powers should be less ample than would be those of his successor. The remedy, in such case of maladministration, is by proceedings in the probate court or by action against the assignee.
The following authorities bear upon the questions decided im this case: Klapp’s Assignees v. Shirk, 13 Penn. St. 592 ; Bancroft and Caffee, Assignees v. Blizzard, 13 Ohio, 30; Floyd & Co. v. Smith, 9 Ohio St. 547; Conrad & Bro. et al. v. Pancost & Co. et al., 11 Ohio St. 685; Hyde & Co. v. Olds et al., 12 Ohio St. 591.
Judgment of the district court and of the court of common pleas-reversed, and cause remanded to the court last named for further proceedings.
Scott, C. J., and Day, Welch, and Brinkerhoee, JJ., concurred.